UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
-----------------------------------------------------------x
JAMES B. LaFRENTZ and ILA LaFRENTZ,   Civil No..:

            Plaintiffs,

-against-

LOCKHEED MARTIN CORPORATION,
3M COMPANY, AND GENERAL DYNAMICS
CORPORATION.

            Defendants.
-----------------------------------------------------------x

## PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT

COMES NOW Plaintiffs and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), file their First Amended Verified Complaint and complain of the Defendants listed herein and for causes of action would show the Court and the Jury as follows:

**A. Parties**

1. Plaintiffs are Mr. James B. LaFrentz and Mrs. Ila LaFrentz. Both are residents of the State of Texas. They bring this action by this Verified Complaint, by and through her undersigned counsel. Plaintiffs allege the following based upon their personal knowledge as to themselves and their own actions, and on information and belief as to all other matters based upon investigation conducted by them and also by their counsel, against:

2. Defendant **LOCKHEED MARTIN CORPOPRATION** is a corporation organized and existing under and by virtue of the laws of the State of Maryland. Its principal headquarters is also in the State of Maryland. It maintains a registered agent in the State of Texas and can be served c/o Corporation Service Company dba CSC - Lawyers Incorporating Service Company — 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3. Defendant **3M COMPANY** is a corporation organized and existing under and by virtue of the laws of the State of Delaware. Its principal headquarters is in the State of Minnesota. It maintains a registered agent in the State of Texas and can be served c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company — 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

4. Defendant **GENERAL DYNAMICS CORPORATION** is a corporation organized and existing under and by virtue of the laws of the State of Delaware. Its principal headquarters is in the State of Virginia. It maintains a registered agent in the State of Texas and can be served c/o C T Corporation System — 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**B.    Jurisdiction**

5. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

**C.    Venue**

6. Venue is proper in this district under 28 U.S.C.§1391 (b)(1) because all the defendants are residents of this state and Defendant 3M Company resides in this district. 3M Company maintains a manufacturing facility in Angleton, Texas. The address is 3M Angleton, 1508 East Cedar Street, Angleton, Texas 77515. In addition, Defendant Lockheed Martin maintains a facility near the National Aeronautics and Space Administration ("NASA") campus in Harris County, Texas. Lockheed Martin is the prime contractor building NASA's Orion Multi-Purpose Crew Vehicle. Likewise, Defendant General Dynamics maintains an office near the NASA campus and works side-by-side with NASA in developing telecommunications technology for use in space.

**D.     Background**

7.     Mr. James LaFrentz was born in Austin, Texas in 1944. He graduated from McAllen High School in Austin, Texas in 1963. In 1964 he joined the Texas Army National Guard and worked as a mechanic on helicopters until 1971. From 1978 through 1991 he was an F-4 mechanic in the United States Airforce Reserves. From 1978 through 2005 he was employed by General Dynamics.

8.     Mr. LaFrentz was diagnosed with malignant mesothelioma in August 2018. The only known cause of mesothelioma is exposure to asbestos. Mr. LaFrentz was exposed to asbestos while working for General Dynamics when he would drill and sand aircraft panels that were being tested at the facility from approximately 1978 through 1983. He was further exposed to asbestos when he would clean up his work area after having drilled and sanded the panels. In an effort to protect his breathing while drilling, sanding, and cleaning-up, Mr. LaFrentz wore Defendant 3M Company's 8710 dust mask.

9.     Mr. LaFrentz married Mrs. Ila LaFrentz in 2001. The couple resides in the Decatur, Texas area.

10.    During this time period and throughout the course of his employment, Mr. LaFrentz was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from the panels that he was working with and around which contained an asbestos-containing resin, epoxy, polymer, coating, or plastic that was manufactured and/or supplied by Defendant Lockheed Martin.

**E.     Negligence – All Defendants**

11.    At all times herein set forth, the Defendants' products were being employed in the manner, and for the purposes for which they were intended. Mr. LaFrentz's exposure to and

inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned panels were completely foreseeable and could or should have been anticipated by the Defendants.

12. The Defendants knew or should have known that the asbestos fibers contained in the panels had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them. Defendant 3M Company knew that its 8710 dust mask did not product users from breathing asbestos dust yet, despite this knowledge, marketed and sold the product as effective protection from breathing asbestos dust.

13. Mr. LaFrentz was exposed to large quantities of asbestos and asbestos-containing products. The law imposed various duties on Defendants with respect to the safety and welfare of others such as Mr. LaFrentz. Defendants breached those duties by a multitude of acts, omissions, and/or undertakings which amount to negligence. Defendants knew, or in the exercise of ordinary care, should have known that the asbestos-containing panels would expose Mr. LaFrentz to asbestos and were extremely dangerous and harmful to Mr. LaFrentz's health.

14. Defendants had a duty to exercise reasonable care and caution for the safety of Mr. LaFrentz and others working with and around the asbestos-containing panels. The Defendants failed to exercise ordinary care and caution for the safety of Mr. LaFrentz in one or more of the following respects:

    (a) Included asbestos in the asbestos-containing panels, even though it was completely foreseeable and could or should have been anticipated that persons such Mr. LaFrentz working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

    (b) Included asbestos in the asbestos-containing panels when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous

and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c) Included asbestos in the asbestos-containing panels when adequate substitutes for the asbestos in them were available;

(d) Failed to provide any or adequate warnings to persons working with and around the asbestos-containing panels of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

(e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the asbestos-containing panels, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and

(f) Failed to conduct tests on the asbestos-containing panels manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as Mr. LaFrentz might be exposed while working with the products.

15. As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants, Mr. LaFrentz was exposed to and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers that caused his mesothelioma and eventual death. Defendants' acts or omissions in these regards were the producing cause of Plaintiffs' injuries and damages.

16. Plaintiffs hereby give notice of intent to rely on the doctrine of *res ipsa loquitur*, as the character of Mr. LaFrentz's injuries and damages are such that they would ordinarily not have occurred in the absence of negligence.

17. Plaintiffs would further show that General Dynamics was one of the principal actors that designed and built the facilities which Mr. LaFrentz worked within. General Dynamics was negligent in its sale, provision, installation, use, maintenance, distribution, repair, abatement, removal, and/or tear-out, of dangerous and deadly asbestos-containing products causing exposures to workers such as Mr. LaFrentz. The Defendant failed to warn of the hazards known to it or to prevent these exposures from occurring was a proximate cause of Plaintiffs' injuries and damages.

### F. Strict Liability – Defendants Lockheed Martin and 3M Company

18. Plaintiffs plead and invoke the doctrine of strict liability against Defendant Lockheed Martin because it was engaged in the manufacture, distribution, supplying, and marketing of asbestos containing products. Plaintiffs plead and invoke the doctrine of strict liability against Defendant 3M Company because it was engaged in the manufacture, distribution, supplying, and marketing of a defective dust mask that did not protect Mr. LaFrentz from breathing asbestos dust. Plaintiffs will show that the Defendants' products were defectively marketed and designed, that such defective conditions rendered their products unreasonably dangerous in the intended and reasonably anticipated use of their products, and that such defective conditions existed at the time they left Defendants' possessions. Defendants knew or should have foreseen the risk of harm of their unreasonably dangerous products. Defendants' acts or omissions in these regards were the producing cause of Plaintiffs' injuries and damages.

### G. Misrepresentation and Fraud – Defendant 3M Company

21. 3M Company knew that its 8710 dust mask did not protect users from asbestos exposure but still continued to market and sell its product to persons being exposed to asbestos. Testing of the 8710 dust mask at the Los Alamos Scientific Laboratory of the University of California in 1971 documented leakage up to 40%. Yet in 1973, 3M Company advertised the 8710

dust mask as 99% effective against dusts and that use of its masks would stop pneumoconiosis and fibrous dusts from ever reaching the lungs. In 1980, the National Institute for Occupational Safety and Health ("NIOSH") told 3M Company that its 8710 dust mask "cannot be used as protection against asbestos containing dust and mists or any other carcinogens." However, 3M Company continued to market its 8710 dust mask as effective protection against asbestos through 1986.

20. Defendant 3M Company made representations that reasonably implied to workers and users of its dust masks that the asbestos and asbestos-containing products in question were safe and would not cause injury if its dust masks were worn. These misrepresentations involved material facts concerning the character and quality of the dusts masks in question. Mr. LaFrentz justifiably relied upon Defendant's misrepresentations. Plaintiffs' injuries and damages were proximately caused by Defendant's misrepresentations.

21. Further, 3M owed Mr. LaFrentz duties under Texas law to warn and disclose information relating to the hazards of asbestos. Defendant failed to disclose material facts regarding the dangerous propensities of asbestos exposure that were known to it. Defendant was well aware of the lack of knowledge on behalf of workers such as Mr. LaFrentz, and of the incredible disparity between Defendant's and Mr. LaFrentz's opportunity to fully appreciate and discover the dangerous character of asbestos exposure. By failing to disclose the knowledge known and appreciated by Defendant, it intended to induce Mr. LaFrentz into going about his job without worry. Without such knowledge and the benefit and right of informed choice regarding the dangers known to the Defendant, Plaintiffs' suffered the injuries and damages complained of herein.

//

//

### H. Employer Liability – Defendant General Dynamics

22. Plaintiffs' claims against General Dynamics are grounded in Texas Constitution article XVI, § 26 and authorized by Tex. Lab. Code § 408.001(b). In Texas, the only remedies available to employees and their beneficiaries against their employers for occupational diseases are those authorized by the Texas Workers' Compensation laws. *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 87 (Tex.App.—Houston [1st Dist.] 1996, writ denied).

23. After his death, the right to recover exemplary damages against General Dynamics is a right granted to Mrs. LaFrentz as the surviving spouse by the Texas Constitution in article XVI, § 26 and Tex. Lab. Code § 408.001(b). The actions and inactions of General Dynamics, whether taken separately, or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/ or malice resulting in damages and injuries to Mr. LaFrentz. The conduct of General Dynamics involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. In addition, General Dynamics had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. More specifically, General Dynamics consciously and/or deliberately engaged in oppression, fraud, wantonness and/or malice with regard to Mr. LaFrentz and should be held liable in punitive and exemplary damages. General Dynamics knew the airplane panels contained asbestos yet it purposely did not provide a safe working environment.

### I. Damages

24. As a direct and proximate result of Defendants' acts and omissions, Mr. LaFrentz sustained a multitude of severe and incapacitating injuries. Upon trial of this case, Plaintiffs respectfully requests the Court and Jury to determine the amount of loss Mr. LaFrentz incurred.

There are certain elements of damages provided by law that Plaintiffs are entitled to have the Jury separately consider to reasonably compensate Mr. LaFrentz for the injuries, damages and losses incurred. Mr. LaFrentz was damaged in the following particulars:

    (a)    Past and future physical pain and mental anguish;

    (b)    Past and future hospital and/or medical and/or pharmaceutical and/or other health care related expenses;

    (c)    Past and future physical impairment;

    (d)    Past and future permanent partial disability;

    (e)    Past and future medical monitoring, domestic help, and nursing care;

    (f)    Prior to onset of his symptoms, Mr. LaFrentz was extremely active and participated in numerous hobbies and activities, and, as a result of his illnesses, he was prevented from engaging in all of said activities which were normal to him prior to developing symptoms from his disease;

    (g)    Prejudgment interest on all elements of damages as allowed by law.

25.    As a direct and proximate result of the Defendants' acts and omissions, Mrs. Ila LaFrentz has sustained a multitude of injuries. Upon trial of this case, Plaintiffs respectfully request the Court and Jury to determine the amount of loss Mrs. LaFrentz has incurred. Mrs. LaFrentz has been damaged in the following particulars:

    (a)    Witnessing the conscious physical pain and suffering sustained by Mr. LaFrentz;

    (b)    Witnessing the mental anguish sustained by Mr. LaFrentz;

    (c)    Witnessing the physical impairment suffered by Mr. LaFrentz;

    (d)    Witnessing the disfigurement suffered by Mr. LaFrentz;

(e) The loss of household services, consortium, pecuniary loss, companionship and society which Mrs. LaFrentz received from Mr. LaFrentz prior to his last illnesses;

(f) The mental anguish suffered by Mrs. LaFrentz as a consequence of the last illnesses of Mr. LaFrentz; and

(g) Prejudgment interest on all elements of damages as allowed by law.

26. The actions and inactions of the Defendants, as specifically alleged herein above, whether taken separately or together, were of such a character as to constitute a pattern or practice of wrongful conduct and malice resulting in the damages, diseases and death of Mr. LaFrentz. More specifically, the Defendants consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Mr. LaFrentz and should be held liable in punitive and exemplary damages to Plaintiffs.

27. Additionally, the actions, omissions, and/or undertakings of the Defendants were of such a character as to make the Defendants guilty of malice. The conduct of the Defendants involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. In addition, the Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Further, notwithstanding the above, the Defendants' conduct is of such a nature that it violates Tex. Civ. Prac. & Rem. Code § 41.008(c)(4) and (7). Accordingly, as a result of the conduct of the Defendants, Plaintiffs seek exemplary damages in such an amount as to be found to be proper under the facts and circumstances.

28. Notwithstanding the above, when formulating the amount of exemplary damages, the jury should also consider:

    (a)    the nature of the Defendants' wrong;

    (b)    the character of the Defendants' conduct;

    (c)    the degree of the Defendants' culpability;

    (d)    the situation and sensibilities of the Plaintiffs;

    (e)    the extent to which the Defendants' conduct offends a public sense of justice and propriety; and

    (f)    the net worth of the Defendants.

29. Plaintiffs seek monetary relief in excess of $1,000,000.00.

## J. Jury Demand

30. Plaintiff demands that all issues of fact in this case be tried to a Jury and has tendered the Jury fee herewith.

## K. Prayer

31. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon final trial, the Plaintiffs have judgment against Defendants, and recover damages from the Defendants in an amount to be determined by a jury, plus costs of Court, prejudgment and post-judgment interest as allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which these Plaintiffs may show themselves to be justly entitled.

Dated: Houston, Texas
December 19, 2018

Respectfully submitted:

_____
Robert E. Shuttlesworth, Esq.
Texas Bar No. 24033184
Southern District of Texas Bar No. 29957

**Shrader & Associates, L.L.P.**
3900 Essex Lane, Ste. 390
Houston, Texas 77379
Telephone: (713) 782-0000
Facsimile: (713) 571-9605
Email: robert@shraderlaw.com

Attorney for the Plaintiffs

## VERIFICATION

**STATE OF TEXAS**      §
                        §
**COUNTY OF HARRIS**    §

The undersigned, an attorney admitted to practice in this court, shows:

Deponent is an Associate of the firm Shrader & Associates, LLP, Counsel for the Plaintiffs in the within action; deponent has read the foregoing **verified complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except as to matters therein stated to be alleged or information and belief, and that as to those matters deponent believes it to be true.

Dated: Houston, Texas
December 19, 2018

Robert E. Shuttlesworth, Esq.

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed this document with the United States District Court for the Southern District of Texas and that through the electronic filing system, a copy of the foregoing document was served on all counsel of record on this the 19th day of December, 2018.

Robert E. Shuttlesworth, Esq.