IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. LaFRENTZ and<br>ILA LaFRENTZ<br>*Plaintiffs*<br><br>vs.<br><br><br>LOCKHEED MARTIN<br>CORPORATION<br>3M COMPANY, AND<br>GENERAL DYNAMICS<br>CORPORATION<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:18-cv-04229<br>JURY DEMANDED |

**DEFENDANT 3M COMPANY F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant 3M COMPANY, F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY ("3M"), submits its Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. 3M reserves the right to supplement or amend these Initial Disclosures in accordance with the Federal Rules of Civil Procedure. 3M also reserves the right to object to the use of any of these disclosures at trial or in any other proceeding in accordance with the Federal Rules of Civil Procedure.

**I.    Preliminary Statement**

These disclosures are based upon information currently available to 3M. This is a lawsuit in which Plaintiffs allege that Plaintiff James B. LaFrentz was injured as a result of exposure to asbestos. Plaintiffs' Complaint, filed November 7, 2018, makes general allegations against three Defendants, including 3M, but fails to identify any 3M product that is allegedly at issue. Based on discovery conducted to date, the 3M 8710 respirator appears to be the only 3M product allegedly at issue in this matter.

II. **Individuals likely to have discoverable information that 3M may use to support its claims and/or defenses**

    a.    Erik Johnson, M.P.H., C.I.H., C.S.P., 3M Company, 3M Center, St. Paul, Minnesota 55144-1000, and Philip D. Eitzman, 3M Company, 3M Center, St. Paul, Minnesota 55144-1000, are likely to have discoverable information concerning the development, design, testing, function, and marketing of 3M respiratory protection products. These individuals can be contacted through counsel for 3M.

    b.    Plaintiffs, members of Plaintiffs' family, and any persons familiar with Plaintiffs' alleged damages.

    c.    Plaintiff James B. LaFrentz's co-workers and any product identification witnesses including but not limited to, those that may be designated by Plaintiffs. All or some of those witnesses may be "hostile witnesses" and 3M does not adopt or concede the accuracy or correctness of any testimony by such individual(s).

    d.    Any physician or medical provider who examined, treated, or evaluated Plaintiff James B. LaFrentz, or with whom he consulted, including, but not limited to, those from whom records have been obtained and the records custodians of those providers or consultants.

    e.    Any and all supervisors, co-workers, agents, and employees of all employers of Plaintiff James B. LaFrentz.

    f.    Persons familiar with Plaintiff James B. LaFrentz's work history and/or his alleged damages.

    g.    Any person identified by Plaintiffs in deposition testimony, initial disclosures, or any discovery responses. 3M reserves the right to cross-examine any fact witness disclosed by Plaintiffs.

    h.    Any fact witness designated by any co-defendant, whether or not that co-defendant is still in the case at the time of trial. 3M incorporates by reference the designations of defense fact witnesses who have been identified in this matter by co-defendants and upon whose testimony 3M intends to rely.

    i.    Any records custodians (1) for any of Plaintiff James B. LaFrentz's employers, (2) for entities on whose premises Plaintiff James B. LaFrentz is alleged to have been exposed to asbestos, (3) for the Social Security Administration or other local, state or federal agencies whose records regarding Plaintiff James B. LaFrentz may have been obtained, (4) for any schools Plaintiff James B. LaFrentz attended, and (5) for any branch of the U.S. military in which Plaintiff James B. LaFrentz may have served.

Discovery in this matter is continuing and 3M reserves the right to supplement and amend this list up to and including the time of trial in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court and any applicable Order of the Court.

### III. Documents, data compilations, and things in the possession, custody or control of 3M that 3M may use to support its claims and/or defenses

In the spirit of cooperation and to facilitate discovery, 3M will produce non-confidential documents concerning the 3M 8710 respirator to Plaintiffs' counsel within ten (10) to fifteen (15) business days following service of 3M's Rule 26(a)(1) Initial Disclosures. These documents include advertising, catalogs and brochures; packaging and labeling; testing; studies and evaluations; technical literature, articles and publications; and warnings. Confidential and/or proprietary information and documents concerning the 3M 8710 respirator will be made available to Plaintiffs' counsel upon entry by the Court of an appropriate protective order.

In producing documents concerning the 3M 8710 respirator, 3M does not concede that Plaintiff James B. LaFrentz used the 3M 8710 respirator, or any other 3M product, or that any 3M product caused or contributed to Plaintiff James B. LaFrentz's alleged injuries. Plaintiffs will be required to introduce competent evidence demonstrating Plaintiff James B. LaFrentz's actual use of a 3M product, and that such use of that product caused or contributed to his alleged injuries, sufficient to carry their burden of proof at trial.

### IV. A computation of any category of damages claimed by 3M

3M is not presently claiming any damages.

### V. Relevant insurance agreements

3M's relevant insurance agreements are confidential and competitively sensitive documents which 3M will make available for inspection only upon entry by the Court of an appropriate protective order. Following entry of an appropriate protective order, these documents will be available for inspection by Plaintiffs' counsel at the offices of TAYLOR,

BOOK, ALLEN & MORRIS, L.L.P., 1221 McKinney, Suite 4300, Houston, Texas 77010, at a mutually agreeable date and time.

DATED this 8th day of October, 2019.

Respectfully submitted,

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

_/s/ Michele E. Taylor_
WILLIAM C. BOOK
State Bar No. 02622000
Federal No.: 1761
**MICHELE E. TAYLOR**
State Bar No. 19714400
Federal Bar No. 14240
1221 McKinney Street, Suite 4300
Houston, Texas 77010
Telephone: 713-222-9542
Facsimile: 713-655-7727
Email: wb@taylorbook.com
Email: mt@taylorbook.com
**ATTORNEY-IN-CHARGE FOR DEFENDANT
3M COMPANY, F/K/A MINNESOTA MINING
AND MANUFACTURING COMPANY**

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document with the United States District Court for the Southern District of Texas and through the electronic filing system, a copy of the foregoing document was served on all counsel of record on this the 8th day of October, 2019.

_/s/ Michele E. Taylor_
MICHELE E. TAYLOR