UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILA LAFRENTZ JIM LAFRENTZ, | § | |
| KATHERINE PORTERFIELD, AND | § | |
| WILLIAM LAFRENTZ, | § | |
| INDIVIDUALLY AND AS | § | CIVIL ACTION NO. 4:18-cv-04229 |
| REPRESENTATIVES OF THE ESTATE | § | JURY DEMANDED |
| OF JAMES B. LAFRENTZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| 3M COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT 3M COMPANY'S SUPPLEMENTAL RULE 26(a)(1)
<u>INITIAL DISCLOSURES</u>**

Defendant 3M Company ("3M"), submits its Supplemental Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. 3M reserves the right to supplement or amend these Supplemental Initial Disclosures in accordance with the Federal Rules of Civil Procedure. 3M also reserves the right to object to the use of any of these disclosures at trial or in any other proceeding in accordance with the Federal Rules of Civil Procedure.

**I.     Preliminary Statement**

These disclosures are based upon information currently available to 3M. This is a lawsuit in which Plaintiffs allege that Plaintiff James B. LaFrentz was injured as a result of exposure to asbestos. Plaintiffs' Complaint, filed November 7, 2018, and all amendments thereto make general allegations against three Defendants, including 3M, but fails to identify any 3M product that is allegedly at issue. Based on discovery conducted to date, the 3M 8710 respirator appears to be the only 3M product allegedly at issue in this matter.

II. **Individuals likely to have discoverable information that 3M may use to support its claims and/or defenses**

    a. Erik Johnson, M.P.H., C.I.H., C.S.P., 3M Company, 3M Center, St. Paul, Minnesota 55144-1000, and Philip D. Eitzman, 3M Company, 3M Center, St. Paul, Minnesota 55144-1000, are likely to have discoverable information concerning the development, design, testing, function, and marketing of 3M respiratory protection products. These individuals can be contacted through counsel for 3M.

    b. Plaintiffs, members of Plaintiffs' family, and any persons familiar with Plaintiffs' alleged damages.

    c. Plaintiff James B. LaFrentz's co-workers and any product identification witnesses including but not limited to, those that may be designated by Plaintiffs. All or some of those witnesses may be "hostile witnesses" and 3M does not adopt or concede the accuracy or correctness of any testimony by such individual(s).

    d. Any physician or medical provider who examined, treated, or evaluated Plaintiff James B. LaFrentz, or with whom he consulted, including, but not limited to, those from whom records have been obtained by deposition on written questions and/or affidavits, and the records custodians of those providers or consultants as follows:

Cancer Center at Wise Health System
Rhonda McDaniel and/or Custodian of Records
1821 S FM 51
Decatur, Texas 76234

Wise Health Clinic Pulmonology
Samantha Verden and/or Custodian of Records
Decatur, Texas 76234

Wise Health Clinic Cardiothoracic Surgery
Alyssa Maxwell and/or Custodian of Records
609 Medical Center Drive
Decatur, Texas 76234

Dr. C. Kelley Tibbels and/or Custodian of Records,
Dr. Neelima Maddukuri and/or Custodian of Records
Samantha Verden
Wise Health Clinics
Decatur, Texas 76234

Ameripath Texas
Sam Crawford and/or Custodian of Records
4770 Regent Blvd.
Irvin, Texas 75083
And/or

        14275 Midway Road, #300
        Addison, Texas 75001

e. Any and all supervisors, co-workers, agents, and employees of all employers of Plaintiff James B. LaFrentz.

f. Persons familiar with Plaintiff James B. LaFrentz's work history and/or his alleged damages.

g. All witnesses designated in any of 3M's Rule 26(a)(2) Expert Disclosures filed in this case.

h. Any person identified by Plaintiffs in deposition testimony, initial disclosures, or any discovery responses. 3M reserves the right to cross-examine any fact witness disclosed by Plaintiffs.

i. Any fact witness designated by any co-defendant, whether or not that co-defendant is still in the case at the time of trial. 3M incorporates by reference the designations of defense fact witnesses who have been identified in this matter by co-defendants and upon whose testimony 3M intends to rely.

j. Any records custodians (1) for any of Plaintiff James B. LaFrentz's employers, (2) for entities on whose premises Plaintiff James B. LaFrentz is alleged to have been exposed to asbestos, (3) for the Social Security Administration or other local, state or federal agencies whose records regarding Plaintiff James B. LaFrentz may have been obtained, (4) for any schools Plaintiff James B. LaFrentz attended, and (5) for any branch of the U.S. military in which Plaintiff James B. LaFrentz may have served.

Discovery in this matter is continuing and 3M reserves the right to supplement and amend this list up to and including the time of trial in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court and any applicable Order of the Court.

### III. Documents, data compilations, and things in the possession, custody or control of 3M that 3M may use to support its claims and/or defenses

In the spirit of cooperation and to facilitate discovery, 3M previously produce non-confidential documents concerning the 3M 8710 respirator to Plaintiffs' counsel within ten (10) to fifteen (15) business days following service of 3M's Rule 26(a)(1) Initial Disclosures. These documents include advertising, catalogs and brochures; packaging and labeling; testing; studies and evaluations; technical literature, articles and publications; and warnings.    Relevant

confidential and/or proprietary information and documents concerning the 3M 8710 respirator will be made available to Plaintiffs' counsel upon entry by the Court of an appropriate protective order.

In producing documents concerning the 3M 8710 respirator, 3M does not concede that Plaintiff James B. LaFrentz used the 3M 8710 respirator, or any other 3M product, or that any 3M product caused or contributed to Plaintiff James B. LaFrentz's alleged injuries.  Plaintiffs will be required to introduce competent evidence demonstrating Plaintiff James B. LaFrentz's actual use of a 3M product, and that such use of that product caused or contributed to his alleged injuries, sufficient to carry their burden of proof at trial.

> All records produced as reliance material of experts designated by 3M Company in this case.

> All medical records of Plaintiff.

> Social Security Records of Plaintiff

**IV.    A computation of any category of damages claimed by 3M**

> 3M is not presently claiming any damages.

**V.    Relevant insurance agreements**

3M's relevant insurance agreements are confidential and competitively sensitive documents which 3M will make available for inspection only upon entry by the Court of an appropriate protective order.  Following entry of an appropriate protective order, these documents will be available for inspection by Plaintiffs' counsel at the offices of TAYLOR, BOOK, ALLEN & MORRIS, L.L.P., 1221 McKinney, Suite 4300, Houston, Texas 77010, at a mutually agreeable date and time.

DATED this 15th day of December, 2020.

    Respectfully Submitted,

    /s/ *Michele E. Taylor*
    William Book
    Southern District Bar No. 1761
    Michele E. Taylor
    Southern District Bar No. 14240

    TAYLOR BOOK ALLEN & MORRIS, L.L.P.
    1221 McKinney, Suite 4300
    LyondellBasell Tower
    Houston, Texas 77010
    Telephone:  (713) 222-9542
    Facsimile:  (713) 655-7727
    E-mail:  wbook@taylorbook.com
          mt@taylorbook.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2020, I electronically filed the foregoing Defendant 3M Company's Supplemental Rule 26(a)(1) Initial Disclosures with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

    BY:   /s/ Michele E. Taylor
            Michele E. Taylor
            Counsel for Defendant, 3M Company