IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. LaFRENTZ, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-4229 |
| | § | |
| 3M COMPANY, *et al.*, | § | |
| Defendants. | § | |

## ORDER

The Plaintiffs' Motion to Compel Discovery from Witness Barbara Hallstein (Doc. No. 113) is granted in part and denied in part.

The witness is to answer the following questions:

Q. And that was before you had actually retained the law firm to represent you; is that correct.
(Doc. No. 113, Ex. 2, Deposition of Barbara Hallstein, 12:16-18).

Q. Ms. Hallstein, at the time that I talked to you, had you retained any counsel?
(*Id.* at 13:23-24).

Q. Ma'am, at what point is it your understanding that you became represented by General dynamics – by Chris Norcross and Mike Ramirez?
(*Id.* at 14:17-19).

Q. Ms. Hallstein, have you specifically retained Chris Norcross and Mike Ramirez?
(*Id.* at 16:1-2).

The Court sustains the objections to the following inquiries and therefore the witness need not answer:

Q. Is there a written contract between you and the law firm of Gordon Rees, ma'am?
(*Id.* at 16:14-15).

Q. Back down here to Methods of Control, Section 3: "All hand- or power-operated equipment that may cause the release of asbestos fibers shall be provided with local exhaust systems approved by Bioenvironmental Health personnel. This applies to, but is not limited to, such equipment as saws, scorers, abrasive wheels, and drills." Ma'am, if Mr. LaFrentz was, in fact, using the belt sander that you witnessed to

1

sand an asbestos-containing product, there should have been local exhaust ventilation that was approved by your department on that machine, correct?
(*Id.* at 61:8-19).

Q. Ma'am, if Mr. LaFrentz was, in fact, sanding asbestos-containing products with the belt sander that you saw him using, should there have been local exhaust ventilation on that machine?
(*Id.* at 62:23–63:1).

The Court finds the witness answered the following questions and therefore denies the motion—effectively ruling the witness need not answer the questions again:

Q. When you were given the task to go air sample or give a sample, as you said, of the gasket materials on these presses or bulk samples for insulation, how was it that you knew the material you were going to sample contained asbestos?
(*Id.* at 50:21-25) (answered at 51:23-52:2).

Q. Ma'am, are you aware of at any point in time when you were asked to sample for asbestos how you knew the product contained asbestos?
(*Id.* at 51:18-20) (answered at 51:23-52:2).

Q. I know you may not be able to read it, I'm going to look at Section 2.1 here where it discusses, "Asbestos-containing materials." It says, "Any material that contains any amount of asbestos. This includes, but is not restricted to: Insulating cement; joint compounds; pipe insulation; Transite; mortar; castable insulation; blocks; sheets; and some epoxy binding compounds. Any questionable material should be discussed with Bioenvironmental Health personnel before use." My question to you is, do you recall as you sit here today, during those first ten years of being employed by General Dynamics, being consulted about a questionable material that may have contained asbestos?
(*Id.* at 57:2-16) (answered at 59:16–60:2).

SIGNED at Houston, Texas this 25th day of February, 2021.

Andrew S. Hanen
United States District Judge

2