IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, | § | |
| KATHERINE PORTERFIELD, and | § | |
| WILLIAM LaFRENTZ, Individually | § | |
| and as Representative of the Estate | § | |
| of JAMES B. LaFRENTZ | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-04229 |
| | § | JURY DEMANDED |
| | § | |
| 3M COMPANY, ET AL | § | |

**DEFENDANT 3M COMPANY'S MOTION IN LIMINE
(AND COMBINED MEMORANDUM OF AUTHORITIES)
TO EXCLUDE AIR MONITORING SAMPLE**

3M Company moves the Court to exclude the air sampling report dated February 26, 1980 and attached to this motion as Exhibit 1. The document is unreliable in many respects, lessening its probative value. And introducing the document as evidence that Plaintiffs' decedent James B. LaFrentz was exposed to asbestos during his job will be unfairly prejudicial to 3M. The Court should exclude the document from evidence.

**LR 7.1(D) Certificate of Conferral**

Under LR 7.1(D) and this Court's Civil Procedures § 7.C., the undersigned counsel certifies that she conferred in good faith with Plaintiffs' counsel Bradley Peek, regarding the relief sought in this motion and is advised that this motion is opposed.

**Statement of the Issues to be Ruled upon by the Court**

1. Under Federal Rule of Evidence 403, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury." The probative value of the air sampling report is minimal, because: (1) it measured fiber length, not necessarily asbestos; (2) the sample represents one minute of one day; and (3) no evidence corroborates the report or suggests the particles were asbestos. The air sampling report contains the word "Asbestos" under the heading

1

"CONTAMINANT(S)."[1] The report will confuse the jury, who may incorrectly assume that the report establishes that the sampling was conclusively asbestos or that the one-minute sampling was representative of LaFrentz's exposure at other times. Shouldn't the air sampling report be excluded under Rule 403?

## Background Facts

From 1979 to 1982, Plaintiffs' decedent James B. LaFrentz worked for General Dynamics at Air Force Plant 4 in Fort Worth.[2] On February 26, 1980, General Dynamics conducted a single air sampling test near LaFrentz's worksite.[3] An industrial hygienist, Barbara Hallstein, sampled the air for one minute while LaFrentz belt-sanded a "P 653 Panel"—a type of panel that LaFrentz referred to as a strip coupon.[4] The panel contained an adhesive identified as "FMS 3018."[5] LaFrentz did not know anything about the FMS 3018 adhesive used on the strip coupon that he sanded that day.[6] He did not know whether the adhesive was used on all the strip coupons he sanded, or if it was used on the other types of coupons.[7] All he knew was that the strip coupon he sanded that day included FMS 3018 adhesive.[8] Hallstein likewise has no evidence of the contents of the panel or the adhesive.[9] In fact, the record contains no evidence of what the coupon (panel) or adhesive were made of, or whether they contained asbestos.

The air sampling test measured a concentration of "28.8 fibers/cc" in the air.[10] Although the Air Sampling Report appears to identify these fibers as "asbestos," Plaintiffs' own expert has testified that the counted fibers were not necessarily asbestos: the air sampling test merely

---

[1] Ex. 1 Air Sampling Report.
[2] Ex. 2 LaFrentz Dep. Vol. II, 146:14-147:3.
[3] Ex. 1 Air Sampling Report.; Ex. 2 LaFrentz Dep. Vol. II, 158:20-25.
[4] Ex. 2 LaFrentz Dep. Vol. II, 121:2-7.
[5] Ex. 1 Air Sampling Report.
[6] Ex. 2 LaFrentz Dep. Vol. II, 169:15-22.
[7] *Id.* at 170:18-23.
[8] *Id.*
[9] Ex. 3 Hallstein Dep., 29:3-30:1.
[10] Ex. 1 Air Sampling Report.

counted fibers of a certain length, which might or might not include asbestos fibers.[11] LaFrentz's work practices did not change after the sample was taken and analyzed.[12]

Hallstein testified that she neither created the report, nor performed any analysis on the sample.[13] Someone else would likely have done both; the document, created after the sample was taken, identifies a "J.D. Eastes," who has not been deposed. And Plaintiffs have not noticed a corporate representative deposition of General Dynamics for anyone to explain the sample, any further analysis of the sample, or the report.

### Summary of the Argument

The probative value of the air sampling report is minimal. It records the presence of fibers of a certain length, not necessarily asbestos fibers. And the sample represents only one minute of one day. Further, there is no evidence that corroborates the report or suggests the particles were asbestos. The jury may be confused because the air sampling report contains the word "Asbestos" under the heading "CONTAMINANT(S)." The jury may incorrectly assume the report establishes that the sampling was conclusively asbestos or that the one-minute sampling was representative of LaFrents' exposure at other times. Because the danger of jury confusion substantially outweighs the minimal probative value of the air sampling report, the report should be excluded under Rule 403.

### Argument

**1. The likelihood of unfair prejudice caused by the air sampling report substantially outweighs its probative value.**

---

[11] Ex. 4 Garza Dep., 36:11-15.
[12] Ex.2 LaFrentz Dep. Vol. II, 159:9-22.
[13] Ex. 3 Hallstein Dep., 29:3-30:1; 36:2-3.

The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[14] The probative value of the air sampling report is minimal for three reasons:

- First, there is no evidence that the sample measured any asbestos, only that it measured fibers of a particular length. Those fibers could be something other than asbestos, as experts for Plaintiffs and for 3M agree.

- Second, the sample represents only one minute on one day. It tells very little about LaFrentz's overall work environment over several years. Nothing suggests the sample is representative of some longer period.

- Third, there is no evidence to buttress or confirm the report, or to suggest that it measured the presence of asbestos. Very little is known of the panels that LaFrentz worked with at General Dynamics. And General Dynamics did not change LaFrentz's work practices after taking and analyzing the sample.

Against this minimal probative value, the air sampling report has the potential to be unfairly prejudicial to 3M. The report uses the word "Asbestos" under the heading "CONTAMINANT(S)."[15] It is not at all clear that this means that the sample measured asbestos (it might simply refer to what General Dynamics was looking for and trying to rule out), but a jury confronted with the document may well draw the conclusion that the sample measured asbestos. The jury may also assume that the document—reporting on a one-minute sample taken on a single day—can be used as a basis to infer something about LaFrentz's exposures at other times. The risk that the jury will, on its own initiative, use the document to fill the holes Plaintiffs' proof is too great, given the document's limited probative value. The presence of

---

[14] Fed. R. Evid. 403.
[15] Ex. 1 Air Sampling Report.

asbestos in the panels LaFrentz sanded is an important fact and cannot be "established" by rank speculation over the meaning of a stale document.

## Conclusion

The Court should exclude the air sampling report attached as Exhibit 1 as too prejudicial for its limited probative value, and for lacking foundation and authenticity.

Respectfully Submitted,

*/s/ Michele E. Taylor*
William Book
Southern District Bar No. 1761
Michele E. Taylor
Southern District Bar No. 14240
Leah M. Homan
Southern District Bar No. 3438531
TAYLOR BOOK ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
LyondellBasell Tower
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727
E-mail: wbook@taylorbook.com
E-mail: mt@taylorbook.com
E-mail: lhoman@taylorbook.com

and

*/s/ Kevin B. Brown*
Kevin B. Brown
Southern District Bar No.: 732586
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: kbrown@thompsoncoe.com

and

*/s/ W. Curt Webb*
W. Curt Webb
State Bar No.: 21035900

Beck Redden, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com

and

*/s/ Zandra Foley*
Zandra Foley
Southern District Bar No.: 632778
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com

and

/s/ *L. Michael Brooks, Jr.*
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 812-1256
Facsimile: (303) 830-0898
Email: mbrooks@warllc.com

**COUNSEL FOR DEFENDANT**
**3M COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Michele E. Taylor*
Michele E. Taylor