IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, | § | |
| KATHERINE PORTERFIELD, and | § | |
| WILLIAM LaFRENTZ, Individually | § | |
| and as Representative of the Estate | § | |
| of JAMES B. LaFRENTZ | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-04229 |
| | § | JURY DEMANDED |
| | § | |
| 3M COMPANY, ET AL | § | |

**DEFENDANT 3M COMPANY'S MOTION IN LIMINE
(AND COMBINED MEMORANDUM OF AUTHORITIES)
TO EXCLUDE REFERENCE TO "PAPER" MASK**

3M Company moves the Court to exclude—in testimony, argument, or other communication with the jury—any references by Plaintiffs or their expert witnesses to the 3M "paper" mask, or words to the same effect. The 3M 8710 respirator is not made of paper, and the suggestion that it is made of paper is irrelevant and misleads jurors without a legitimate purpose.

**LR 7.1(D) Certificate of Conferral**

Under LR 7.1(D) and this Court's Civil Procedures § 7.C., the undersigned counsel certifies that she conferred in good faith with Plaintiffs' counsel Bradley Peek regarding the relief sought in this motion and is advised that this motion is opposed.

**Statement of the Issues to be Ruled upon by the Court**

1. Under Federal Rules of Evidence 401 and 402, courts must exclude evidence that has no "tendency to make a fact" of consequence "more or less probable than it would be without the evidence." And Under Federal Rule of Evidence 403, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury." Plaintiffs' proposed expert Darrell Bevis refers to the 3M 8710 respirator as a "paper mask" in his report, although he admitted in his deposition that he knows that statement is incorrect. Shouldn't references to the 3M

1

8710 as a "paper" mask be excluded from the jury's presence under Rules 401, 402, and 403?

**Relevant Background**

Inaccurate and prejudicial references to the 3M 8710 respirator as a "paper mask" might come from Plaintiffs' designated expert, Darrell Bevis,[1] or from another source. Bevis died on February 24, 2021, and Plaintiffs have retained another expert witness in his place, Ching-Tsen Bien. Before his death, however, Bevis issued a report for this case and 3M deposed him in this case. Bevis referred to the 3M 8710 respirator as a "paper mask" or a product made of "paper" four times in his expert report.[2] But Bevis knew that the product was never made of paper.[3] He admitted in his deposition that he refers to the "paper" mask despite knowing that the statement is "incorrect," and that he does this intentionally—so that he can "talk to the people [he] need[s] to talk to," meaning jurors, to play on jurors' own mistaken understandings about disposable respirators.[4] The Court should exclude that testimony or other similar inaccurate descriptions of 3M's product.

Referring to the 3M 8710 respirator as a "paper" mask is a not-so-subtle way to demean the product as something less complex and protective than it really is, and to color jurors' attitudes toward it in a way that helps Bevis's clients. Bevis wrongly believed that this is the

---

[1] The Court should exclude Bevis's opinions entirely under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as described in a separate motion.
[2] Ex. 1 (Bevis Report) 1, 4, 5.
[3] Ex. 2 (Bevis Dep.) 52:16-17 ("I frequently refer to it as paper, although I know it's a blown web."), 91:18-19 ("Q: So it's not made of paper, correct? A: Not made of paper.").
[4] *Id.* at 92:11-15, 102:22-25 ("Q: On Page 5 at the bottom where it says paper fabric, that's also incorrect, correct? A: Oh yeah, yeah. That's talking again in terms of people's belief, so that's incorrect.").

proper function of his own testimony, "to help the plaintiff win" rather than assisting the jurors with objective, specialized knowledge.[5]

Like the N95 respirators that 3M currently manufactures, 3M manufactured the 3M 8710 respirator—a government-approved respirator certified by the National Institute for Occupational Safety & Health—using non-woven manufacturing technology in highly complex, technical, and patented processes.[6] The 3M 8710 respirator consisted of a three-layer construction of an inner shell, non-woven polypropylene filter media, and a cover web. There was no paper in any of the layers.

## Summary of the Argument

Bevis referred to the 3M 8710 respirator as a "paper mask" in his report. But Bevis conceded in his deposition testimony that he knew that statement was incorrect. Bevis's report and deposition testimony referring to the respirator as a "paper" mask lacks relevance under Rules 401 and 402, because it has no "tendency to make a fact" of consequence "more or less probable than it would be without the evidence." Further, such a reference poses a danger of unfairly prejudicing 3M, and confusing and misleading jurors. The Court should exclude any references in the jury's presence to the 3M 8710 respirator being a "paper" mask.

## Argument

The Court must exclude evidence that has no "tendency to make a fact" of consequence "more or less probable than it would be without the evidence."[7] Calling the 3M 8710 respirator a "paper" mask or referring to its component parts as "paper" does not make any fact of

---

[5] Ex. 3 Bevis Dep., *Medlin v. Clever Brooks Boilers, et al.* (Super Ct. – D.C.), 124:22-125:2.
[6] *E.g.*, Ex. 4 30(b)(6) Dep. of 3M Co., *Estate of Larson, et al. v. 3M Co, et al.* (Super. Ct. – Wash.), 116:7-117:8, 140:22-141:7, 173:2-174:23.
[7] Fed. R. Evid. 401-402.

consequence more or less probable; it is inaccurate name-calling intended to unfairly disparage the product. The facts of consequence are Plaintiffs' decedent James B. LaFrentz's alleged exposure to asbestos, whether an alleged defect in the 3M 8710 respirator played a role in that exposure, and LaFrentz's alleged resulting injury. No fact within these categories o will be informed by referring to a "paper" mask. And if such name-calling is allowed through the deposition testimony of one of Plaintiffs' experts, it will be inappropriate as expert testimony. When "an expert becomes an advocate for a cause, he . . . departs from the ranks of an objective expert witness, and any resulting testimony would be unfairly prejudicial and misleading."[8]

The Court also "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."[9] There is no probative value to referring to a "paper" mask. But even if Plaintiffs could imagine some probative value, it will be substantially outweighed by the danger of prejudicing 3M, and by the danger of confusing or misleading jurors. This is a complex product liability case that will feature hours of expert testimony, including testimony about the actual materials and processes used to manufacture the 3M 8710 respirator. The jurors will be challenged to retain a lot of information. The Court should not allow them to be blown off course by casual references to "paper" when those references have no basis in fact, and when—by Plaintiffs' expert's own admission—the references have the intended and actual effect of misleading. That will disserve the truth-seeking process.

Alternatively, if the Court permits Plaintiffs to introduce into evidence portions of Bevis's report or deposition testimony that refer to a "paper" mask, 3M reserves its right under

---

[8] *Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420, 1425 (E.D. Tex. 1986).
[9] Fed. R. Evid. 403.

the rule of completeness[10] to introduce portions of Bevis's deposition testimony in which he admitted that he called the 3M 8710 respirator a "paper" mask to deliberately mislead the jury.

## Conclusion

The Court should exclude any reference in the jury's presence to the 3M 8710 respirator being a "paper" mask.

Respectfully Submitted,

/s/ Michele E. Taylor
William Book
Southern District Bar No. 1761
Michele E. Taylor
Southern District Bar No. 14240
Leah M. Homan
Southern District Bar No. 3438531
TAYLOR BOOK ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
LyondellBasell Tower
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727
E-mail: wbook@taylorbook.com
E-mail: mt@taylorbook.com
E-mail: lhoman@taylorbook.com

and

/s/ Kevin B. Brown
Kevin B. Brown
Southern District Bar No.: 732586
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: kbrown@thompsoncoe.com

and

---

[10] *See* Fed. R. Evid. 106; *see also* Fed. R. Civ. Proc. 32(a)(6).

/s/ *W. Curt Webb*
W. Curt Webb
State Bar No.: 21035900
BECK REDDEN, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com

and

/s/ *Zandra Foley*
Zandra Foley
Southern District Bar No.: 632778
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com

and

/s/ *L. Michael Brooks, Jr.*
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 812-1256
Facsimile: (303) 830-0898
Email: mbrooks@warllc.com


**COUNSEL FOR DEFENDANT
3M COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Michele E. Taylor*
Michele E. Taylor