IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, § <br> KATHERINE PORTERFIELD, and § <br> WILLIAM LaFRENTZ, Individually § <br> and as Representative of the Estate § <br> of JAMES B. LaFRENTZ § <br> § <br> vs. § <br> § <br> § <br> 3M COMPANY, ET AL § | CIVIL ACTION NO. 4:18-cv-04229 <br> JURY DEMANDED |

### DEFENDANT 3M COMPANY'S MOTION IN LIMINE
### (AND COMBINED MEMORANDUM OF AUTHORITIES)
### TO EXCLUDE EVIDENCE REGARDING 3M WARNINGS

3M Company moves the Court to exclude all evidence and references to 3M warnings in Plaintiffs' case in chief. Plaintiffs' decedent James LaFrentz neither read nor relied on 3M's warnings.[1] Indeed, no fact witness has testified to reading or relying on 3M's warnings. The warnings are, therefore, irrelevant to Plaintiffs' case. Discussing warnings that neither LaFrentz nor any witness read (and which therefore had no influence on LaFrentz's or anyone's conduct) will mislead and confuse the jury without any corresponding probative value.[2]

**LR 7.1(D) Certificate of Conferral**

Under LR 7.1(D) and this Court's Civil Procedures § 7.C., the undersigned counsel certifies that she conferred in good faith with Plaintiffs' counsel Bradley Peek, regarding the relief sought in this motion and is advised that this motion is opposed.

---

[1] Ex. 1 LaFrentz Dep. Vol. I, 78:13-16; Ex. 2 LaFrentz Dep. Vol. II, 108:4-15.
[2] Relatedly, 3M has moved for summary judgment on Plaintiffs' warnings-based theories and incorporates that motion here by reference.

1

## Statement of the Issues to be Ruled upon by the Court

1. Under Federal Rules of Evidence 401 and 402, courts must exclude evidence that has no "tendency to make a fact" of consequence "more or less probable than it would be without the evidence." There is no evidence that LaFrentz (or any witness) read or relied on the warnings 3M provided with the 3M 8710 respirator.[3] A plaintiff cannot establish as inadequate a warning which he did not read or heed.[4] Aren't the warnings 3M provided with the 3M 8710 respirator irrelevant to Plaintiffs' case?

2. Under Federal Rule of Evidence 403, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury." Even if the Plaintiffs assert some marginal relevance for the warnings in their case in chief, evidence of the warnings could confuse the jury: the jury may incorrectly assume LaFrentz possessed, saw, read, and relied upon the information 3M provided. Doesn't the danger of jury confusion substantially outweigh the probative value of the warnings?

## Summary of the Argument

1. Under Texas law, Plaintiffs cannot establish that the warnings 3M provided with the 3M 8710 respirator are inadequate, because there is no evidence LaFrentz read or relied on the warnings.[5] Because the warnings do not make any liability-creating fact more or less probable, the court must exclude evidence of the warnings.[6]

2. Even if Plaintiffs assert some marginal relevance for the warnings, evidence of the warnings could confuse the jury: that is, the jury may incorrectly assume LaFrentz possessed, saw, read, and relied upon the information 3M provided. Because the danger of jury confusion

---

[3] 3M accepts, for purposes of this motion only, Plaintiffs' identification of the 3M 8710 respirator as the product their decedent used.

[4] *Gen. Motors Corp. v. Saenz on Behalf of Saenz*, 873 S.W.2d 353, 360 (Tex. 1993); *Foltz v. Smith & Wesson Corp.*, No. 3:08-CV-0858-K, 2009 WL 2596598, at *3 (N.D. Tex. Aug. 20, 2009); *accord Blythe v. Bumbo Int'l Tr.*, No. 6:12-CV-36, 2013 WL 6190284, at *4 (S.D. Tex. Nov. 26, 2013).

[5] *Id.*

[6] Fed. R. Evid. 401-402.

substantially outweighs the probative value of the warnings, the court should exclude the warnings.[7]

## Argument

**1.    3M's warnings are irrelevant to Plaintiffs' case.**

The Court must exclude evidence that has no "tendency to make a fact" of consequence "more or less probable than it would be without the evidence."[8] The warnings 3M provided with the 3M 8710 respirator do not make any liability-creating fact more or less probable, because LaFrentz testified that he neither read nor relied on those warnings. And there is no evidence that any other fact witness did either.

"When the warning that would have prevented injury was ignored, there is no presumption that some additional warning would have been heeded."[9] Put another way, "failing to read the warnings provided negate the causal link between the alleged inadequate warnings and the user's injury."[10] 3M provided warnings and instructions all over the packaging for the 3M 8710 respirator.[11] Among these were a detailed explanation on how to perform a fit check (or user seal check); an explanation of the environments for which the 3M 8710 respirator was suitable protection (*i.e.*, the permissible concentration of dust in the air for which the respirator was approved as protection); and an admonition to ask a supervisor or call a 3M 800-number to resolve any questions about the product's proper uses.

---

[7]    Fed. R. Evid. 403.

[8]    Fed. R. Evid. 401-402.

[9]    *Gen. Motors Corp.*, 873 S.W.2d at 360.

[10]   *Foltz*, 2009 WL 2596598, at *3; *accord Blythe*, 2013 WL 6190284, at *4.

[11]   Ex. 3, Sample Packaging (3M 1054482-1054486).

These warnings, if heeded, reduced the risk of injury. A filtering facepiece respirator like the 3M 8710 respirator provides a protection factor of at least ten when properly fitted to a user's face.[12] If a user wears the properly-fitted respirator where the concentration of asbestos in the air is no greater than ten-times the permissible exposure limit, then the respirator reduces the user's exposure to within the permissible exposure limit.[13] Likely because he did not read 3M's warnings, there is no evidence that LaFrentz performed a proper fit check; no evidence that he compared the concentration of dust in the air to the concentration for which the respirator was approved; and no evidence that he inquired with a supervisor or with 3M about whether the 3M 8710 respirator was suitable to his environment. Having neither read nor heeded any of the warnings and instructions that could have prevented his injury, LaFrentz (and now his survivors, the Plaintiffs) cannot prove that 3M warnings caused his injury.

### 2. Discussing 3M warnings during Plaintiffs' case will mislead and confuse the jury.

Even if the Plaintiffs assert some marginal relevance for the warnings in their case in chief, the Court should still exclude the warnings. The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury."[14] If Plaintiffs introduce 3M's warnings, the jury may become confused and assume LaFrentz possessed, saw, read, and relied upon the information 3M provided—even though evidence does not support these assumptions. The potential for the warnings to mislead and confuse jurors in this way invites a verdict on an improper basis.

### Conclusion

The Court should exclude evidence of 3M's warnings from Plaintiffs' case in chief.

---

12 Assigned Protection Factors, 71 Fed. Reg. 50122, 50161-50164 (Aug. 24, 2006).
13 *Id*. at 50188, Table 1 – Assigned Protection Factors.
14 Fed. R. Evid. 403.

Respectfully Submitted,


*/s/ Michele E. Taylor*
William Book
Southern District Bar No. 1761
Michele E. Taylor
Southern District Bar No. 14240
Leah M. Homan
Southern District Bar No. 3438531
TAYLOR BOOK ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
LyondellBasell Tower
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727
E-mail: wbook@tavlorbook.com
E-mail: mt@tavlorbook.com
E-mail: lhoman@taylorbook.com

and

*/s/ Kevin B. Brown*
Kevin B. Brown
Southern District Bar No.: 732586
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: kbrown@thompsoncoe.com

and

*/s/ W. Curt Webb*
W. Curt Webb
State Bar No.: 21035900

BECK REDDEN, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com

and

*/s/ Zandra Foley*
Zandra Foley
Southern District Bar No.: 632778
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com

and

/s/ *L. Michael Brooks, Jr.*
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 812-1256
Facsimile: (303) 830-0898
Email: mbrooks@warllc.com

**COUNSEL FOR DEFENDANT
3M COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Michele E. Taylor*
Michele E. Taylor