IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, KATHERINE PORTERFIELD, and WILLIAM LaFRENTZ, Individually and as Representative of the Estate of JAMES B. LaFRENTZ | § § § § § § | |
| vs. | § § § § | CIVIL ACTION NO. 4:18-cv-04229<br>JURY DEMANDED |
| 3M COMPANY, ET AL | § | |

## DEFENDANT 3M COMPANY'S MOTION IN LIMINE
### (AND COMBINED MEMORANDUM OF AUTHORITIES)
### TO EXCLUDE EVIDENCE OF 3M PRODUCTS NOT AT ISSUE

3M Company moves the Court to exclude evidence and argument regarding 3M products other than the 3M 8710 respirator, which is the only product that Plaintiffs' decedent James B. LaFrentz allegedly used.[1] Since its founding more than a century ago, 3M has manufactured tens of thousands of products. The company's website identifies 19,979 products available for purchase right now.[2]

Yet Plaintiffs and their witnesses, including their designated experts, Darrell Bevis[3] and Ching-Tsen Bien, appear keen to discuss other products.[4] For example, Bevis's report mentions

---

[1] *See* Doc. 16 ¶¶ 8, 12, 21. 3M accepts that product identification for purposes of this motion, only.

[2] https://www.3m.com/3M/en_US/company-us/all-3m-products/~/All-3M-Products/?N=5002385+8711017+3294857497&rt=r3

[3] The Court should exclude Bevis's opinions entirely under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as described in a separate motion.

[4] Bevis died on February 24, 2021. Before his death, Bevis issued a report and 3M deposed him. While Plaintiffs have retained Ching-Tsen Bien to replace Bevis, they may nevertheless seek to use Bevis's testimony.

1

the 3M 8500 non-toxic particle mask three times.[5] Plaintiffs' recent deposition of 3M's witness Erik Johnson covered other 3M products, including respirators sold in other countries.[6] There is no allegation that LaFrentz ever used these other products. The Court should exclude any evidence of these other products as irrelevant, and as far more prejudicial, confusing, and misleading than probative.

## LR 7.1(D) Certificate of Conferral

Under LR 7.1(D) and this Court's Civil Procedures § 7.C., the undersigned counsel certifies that she conferred in good faith with Plaintiffs' counsel Bradley Peek, regarding the relief sought in this motion and is advised that this motion is opposed.

## Statement of the Issues to be Ruled upon by the Court

1. Under Federal Rules of Evidence 401 and 402, courts must exclude evidence that has no "tendency to make a fact" of consequence "more or less probable than it would be without the evidence." And under Federal Rule of Evidence 403, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury." Plaintiffs contend that the 3M 8710 respirator, not any other 3M product, caused LaFrentz's injuries. Shouldn't the Court exclude evidence of 3M products not at issue, under Rules 401, 402, and 403?

## Summary of the Argument

Plaintiffs do not allege that LaFrentz used any 3M product other than the 3M 8710 respirator. No fact of consequence to the determination of this action will be made more or less probable by discussing other 3M products that LaFrentz did not use. Moreover, by discussing other 3M products, there is a danger of jury confusion: the jury may assume LaFrentz must have used that product and that such products could have caused or contributed to his injury.

---

[5] Ex. 1 (Bevis Report), 4; see Ex. 2 (Bien Report), 1 (mentioning the 3M 8500 non-toxic particle mask).
[6] Ex. 3 (Johnson Dep.) 18:22-19:21, 82:16-20.

Accordingly, evidence of 3M products other than the 3M 8710 respirator should be excluded under Rules 401, 402, and 403.

**Argument**

The Court must exclude evidence that has no "tendency to make a fact" of consequence "more or less probable than it would be without the evidence."[7] The facts of consequence are LaFrentz's alleged exposure to asbestos, whether an alleged defect in the 3M 8710 respirator played a role in that exposure, and LaFrentz's alleged resulting injury. None of these facts will be made more or less probable by discussing products that LaFrentz did not use. Nothing about other 3M products, or the sale of other 3M products in other countries, will make it more or less probable that Plaintiffs should prevail against 3M. Thus, evidence regarding such other products is irrelevant.

Further, any marginal probative value of this evidence will be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [or] wasting time."[8] If Plaintiffs' attorneys or other witnesses discuss a 3M product, the jury may assume LaFrentz must have used that product, and that such products could have caused or contributed to his injury, even though Plaintiffs have offered no admissible evidence that LaFrentz used those products. Such confusion and inaccurate assumptions risk a verdict based on a product LaFrentz never used.

Finally, admitting such evidence will waste time. The jury must understand the complex scientific and medical testimony about LaFrentz's alleged asbestos exposure and illness. That job is needlessly complicated by evidence of 3M products he did not use.

---

[7] Fed. R. Evid. 401-402.
[8] Fed. R. Evid. 403.

To illustrate: if Plaintiffs discuss the 3M 8500 non-toxic particle mask, 3M will necessarily have to educate the jury on the difference between that product—which is not a respirator and was never certified by the U.S. government under 30 C.F.R. Part 11 or 42 C.F.R. 84—and the 3M 8710 respirator, which enjoyed uninterrupted government certification. The products were different, not only in the regulations that governed them, but also in the level of protection they provided, the shape of their respective shells, the layers of materials that made up their respective facepieces, the number and construction of their headbands, and the construction of their respective nose clips. It will be a technical and time-consuming ordeal to explain all of these differences in detail, and it is an ordeal that the Court can easily avoid by simply keeping the focus on the right product.

## Conclusion

Plaintiffs contend that the 3M 8710 respirator caused LaFrentz's injuries. 3M's numerous other products, and sales of the same, are irrelevant to this lawsuit. Evidence regarding those products would only confuse the jury, prejudice 3M, and waste time. The Court should exclude all evidence of 3M products other than the 3M 8710 respirator.

Respectfully Submitted,

*/s/ Michele E. Taylor*
William Book
Southern District Bar No. 1761
Michele E. Taylor
Southern District Bar No. 14240
Leah M. Homan
Southern District Bar No. 3438531
TAYLOR BOOK ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
LyondellBasell Tower
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727

E-mail: wbook@tavlorbook.com
E-mail: mt@tavlorbook.com
E-mail: lhoman@taylorbook.com

and

/s/ *Kevin B. Brown*
Kevin B. Brown
Southern District Bar No.: 732586
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: kbrown@thompsoncoe.com

and

/s/ *W. Curt Webb*
W. Curt Webb
State Bar No.: 21035900
BECK REDDEN, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com

and

/s/ *Zandra Foley*
Zandra Foley
Southern District Bar No.: 632778
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com

and

/s/ *L. Michael Brooks, Jr.*
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 812-1256

Facsimile: (303) 830-0898
Email: mbrooks@warllc.com

**COUNSEL FOR DEFENDANT
3M COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 1st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Michele E. Taylor*
Michele E. Taylor