IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, | § | |
| KATHERINE PORTERFIELD, and | § | |
| WILLIAM LaFRENTZ, Individually | § | |
| and as Representative of the Estate | § | |
| of JAMES B. LaFRENTZ | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-04229 |
| | § | JURY DEMANDED |
| | § | |
| 3M COMPANY, ET AL | § | |

**DEFENDANT 3M COMPANY'S MOTION IN LIMINE
(AND COMBINED MEMORANDUM OF AUTHORITIES)
TO EXCLUDE LAY WITNESS TESTIMONY REGARDING
ASBESTOS CONTENT, EXPOSURE, AND CAUSATION**

3M Company moves the Court to exclude lay witness testimony about asbestos content, exposure, and causation. These are properly subjects for expert testimony, not for testimony from lay witnesses such as the individuals designated by Plaintiffs as fact witnesses.

**LR 7.1(D) Certificate of Conferral**

Under LR 7.1(D) and this Court's Civil Procedures § 7.C., the undersigned counsel certifies that she conferred in good faith with Plaintiffs' counsel Bradley Peek, regarding the relief sought in this motion and is advised that this motion is opposed.

**Statement of the Issues to be Ruled upon by the Court**

1. Under Federal Rules of Evidence 602 and 701, a lay witness may testify only to his personal knowledge of relevant facts or to his perception. A lay witness cannot offer expert testimony within the scope of Rule 702. Given that extensive training and education is required in identifying asbestos or determining the asbestos content of any product or substance, shouldn't lay witness testimony about asbestos content, exposure, and causation be excluded?

2. Under Federal Rules of Civil Procedure 26 and 37, a party is required to identify expert witnesses within the time the court orders and if a party fails to do so that party is not

allowed to use that expert witness to supply evidence. Even if Plaintiffs could establish that a particular lay witness were qualified to give expert opinions on asbestos content, exposure, or causation, Plaintiffs have not designated any such persons as experts—shouldn't undisclosed expert testimony offered on-the-fly be excluded?

## Summary of the Argument

1. Lay witnesses may not offer fact testimony or lay opinion based on expert knowledge within the scope of Federal Rule of Evidence 702.[1] Because knowledge of asbestos content, exposure, and causation is scientific, technical, and specialized,[2] the Court should exclude lay witness testimony about asbestos content, exposure, and causation.

2. Plaintiffs are required to identify expert witnesses according to the schedule established by the Court.[3] Even if Plaintiffs could establish that a particular lay witness is qualified to give expert opinions on asbestos content, exposure, or causation, Plaintiffs have not designated any such persons as experts. Undisclosed experts may not be used to supply evidence.[4] Accordingly, the Court should exclude any undisclosed expert testimony offered on-the-fly.

---

[1]  *See* Fed. R. Evid. 602, 701, 702.
[2]  *See, e.g., Spychalla v. Avco Corp.*, No. 2:12-6004, 2014 WL 6736334 (E.D. Pa. Aug. 4, 2014); *see also* https://www.epa.gov/asbestos/asbestos-training#types; 29 C.F.R. § 1926.1101(o)(4)(i).
[3]  Fed. R. Civ. P. 26(a)(2)(D).
[4]  Fed. R. Civ. P. 37(c)(1).

**Argument**

Federal law distinguishes between lay and expert testimony. A lay witness may testify only to his "personal knowledge"[5] of relevant facts or, in the case of lay opinion, his "perception," as long as that perception is "*not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[6]

Rule 702 governs expert witnesses; they testify based on "scientific, technical, or other specialized knowledge."[7] The presence of asbestos in particular products is a fit subject for expert testimony under Rule 702.[8] Extensive training and education is involved in identifying asbestos-containing products.[9] And testimony concerning the content of particular (allegedly) asbestos-containing products or dust, and their ability to cause injury, is thus a subject governed by Rule 702 and *Daubert*.[10] These topics are "beyond the common experience and understanding of a lay juror," and are therefore expert topics.[11]

---

[5] Fed. R. Evid. 602.
[6] Fed. R. Evid. 701 (emphasis added).
[7] Fed. R. Evid. 702.
[8] *See, e.g., Spychalla*, 2014 WL 6736334 ("Because these experts have the appropriate background and work training and experience, and because they have provided a sound explanation as to how they are able to opine that the parts at issue contained asbestos and why Decedent would have been exposed to them during his work on Defendant's aircraft, the Court deems this expert evidence to be sufficiently sound and reliable to satisfy the requirements of Rule 702.").
[9] *E.g.*, https://www.epa.gov/asbestos/asbestos-training#types; *see also* 29 C.F.R. § 1926.1101(o)(4)(i):
> [T]he competent person shall be trained in all aspects of asbestos removal and handling, including . . . the identification of asbestos . . . . Such training shall be obtained in a comprehensive course for supervisors that meets the criteria of EPA's Model Accredited Plan (40 CFR part 763, subpart E, Appendix C), such as a course conducted by an EPA-approved or state-approved training provider, certified by EPA or a state, or a course equivalent in stringency, content, and length.

[10] *United States v. San Diego Gas & Elec. Co.*, No. 06CR0065 DMS, 2009 WL 4824489, at *4-15 (S.D. Cal. Aug. 31, 2009).
[11] *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 751 (5th Cir. 2018).

Lay witnesses, particularly James LaFrentz's family members or former co-workers, may attempt to stray into this expert witness realm. They should not be permitted to do so. Testimony that (for example) particular dust in LaFrentz's workplace or on his clothing was asbestos-containing drifts from personal knowledge or lay perception into a realm of expertise and opinion beyond common experience. A lay witness who lacks the education or training in identifying asbestos or determining the asbestos content of any product or substance should not be permitted to give expert testimony.

Even if Plaintiffs could establish that a particular lay witness is qualified to give expert opinions on asbestos content, exposure, or causation, Plaintiffs have not designated any such persons as experts. The time to do so has elapsed.[12] It would prejudice 3M to have to confront undisclosed expert testimony on-the-fly, and therefore the Court should exclude any testimony of this kind for this additional reason.[13]

## Conclusion

The Court should exclude lay witness testimony about asbestos content, exposure, and causation.

Respectfully Submitted,

*/s/ Michele E. Taylor*
William Book
Southern District Bar No. 1761
Michele E. Taylor
Southern District Bar No. 14240

---

[12] "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

[13] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Leah M. Homan
Southern District Bar No. 3438531
TAYLOR BOOK ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
LyondellBasell Tower
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727
E-mail: wbook@tavlorbook.com
E-mail: mt@tavlorbook.com
E-mail: lhoman@taylorbook.com

and

*/s/ Kevin B. Brown*
Kevin B. Brown
Southern District Bar No.: 732586
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: kbrown@thompsoncoe.com

and

*/s/ W. Curt Webb*
W. Curt Webb
State Bar No.: 21035900
BECK REDDEN, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com

and

*/s/ Zandra Foley*
Zandra Foley
Southern District Bar No.: 632778
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com

and

/s/ *L. Michael Brooks, Jr.*
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 812-1256
Facsimile: (303) 830-0898
Email: mbrooks@warllc.com

**COUNSEL FOR DEFENDANT**
**3M COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Michele E. Taylor*
Michele E. Taylor