# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, KATHERINE PORTERFIELD, and WILLIAM LaFRENTZ, Individually and as Representative of the Estate of JAMES B. LaFRENTZ | § § § § § § | |
| vs. | § § § § | CIVIL ACTION NO. 4:18-cv-04229 JURY DEMANDED |
| 3M COMPANY, ET AL | § | |

## DEFENDANT 3M COMPANY'S MOTION AND INCORPORATED MEMORANDUM BRIEF TO PERMIT ATTORNEY-CONDUCTED VOIR DIRE AND TO SUBMIT THE ATTACHED QUESTIONNAIRE TO THE JURY VENIRE

3M Company moves the Court under Section 16.A of Hon. Judge Andrew S. Hanen's Civil Procedures[1] to permit counsel to conduct voir dire after the Court's initial examination of the venire. 3M will also address this issue in the Pretrial Order. And, to make that voir dire most effective, 3M moves the Court to submit the attached questionnaire (Exhibit 1) to the venire before voir dire.

### LR 7.1(D) Certificate of Conferral

Under LR 7.1(D) and this Court's Civil Procedures § 7.C., the undersigned counsel certifies that she conferred in good faith with Plaintiffs' counsel Bradley Peek, regarding the relief sought in this motion and is advised that this motion is opposed.

### Statement of the Issues to be Ruled upon by the Court

1. Under Section 16.A of this Court's rules, the Court will generally allow counsel to conduct voir dire if the issue is raised by motion. Moreover, social pressures often stifle the Court's and the parties' goal to empanel an impartial jury through voir dire;

---

[1] https://www.txs.uscourts.gov/sites/txs/files/Civil%20Procedures%20%287-2020%29.pdf

1

a jury questionnaire assists in reaching that goal. Shouldn't the Court (1) submit the attached questionnaire to the venire and (2) permit counsel to conduct voir dire after the Court's initial examination of the venire, to assist in empaneling an impartial jury?

**Summary of the Argument**

Fear of public speaking, pressure to conform, and the desire to "do right" often stifle a court's ability to empanel an impartial jury through voir dire. Because social science demonstrates that a jury questionnaire neutralizes these pressures and decreases the risk of reversal due to juror misconduct, the Court should permit 3M to administer the attached jury questionnaire to the venire before voir dire. The Court should also permit counsel to conduct voir dire after the Court's initial examination of the venire.

**Argument**

The goal of voir dire is to impanel an impartial jury.[2] But three pressures often stifle this goal: (1) fear of public speaking, (2) pressure to conform, and (3) desire to "do right."

Public speaking is foreign to many jurors. Lack of experience in speaking in front of a group may cause self-consciousness and prevent jurors from revealing bias in a public setting. Likewise, pressures for social conformity cause people to answer consistent with the group's dominant opinion—or what they think will be consistent with that opinion—particularly where they must answer publicly.[3] Social science demonstrates that these pressures influence how people respond to questions during voir dire.

---

[2] *See, e.g.*, *United States v. Beckner*, 69 F.3d 1290, 1291 (5th Cir. 1995).
[3] *E.g.*, David Suggs & Bruce D. Sales, *Juror Self-Disclosure in the Voir Dire: a Social Science Analysis*, 56 IND. L.J. 245, 259-61 (1980-1981) (copy attached as Exhibit 2).

Additionally, a desire to "do right" may dissuade potential jurors from revealing bias. People often hesitate to admit bias in public situations that expect unbiased thinking.[4] Jurors are no exception: Since they "are aware that they are supposed to be impartial, they are unlikely to reveal any bias, even if they recognize it in themselves."[5] Bound by common work, religious, and social experiences, jurors experience intense social pressures to "do right" by, or help, plaintiffs from their local area. Such jurors may thus hesitate to reveal a potentially disqualifying bias.

A jury questionnaire neutralizes these risks by allowing venire members to privately reveal biasing information.[6] Additionally, jury questionnaires insulate venire members from other panel members' strongly-held views.[7] These benefits culminate in a more focused and selective voir dire and a decreased chance of reversal for juror misconduct.[8]

---

[4] Roy Baumeister, *A Self-Presentational View of Social Phenomena*, 91 PSYCHOL. BULL. 3-26 (1982) (copy attached as Exhibit 3) (In a social arena where others are listening and watching, people are motivated to please the audience and construct their "public self" to establish an image for others as "impression management." This may be unconscious, and does not necessarily reflect the individual's true views accurately.).

[5] *Beech v. Leaf River Forest Prods., Inc.*, 691 So. 2d 446, 450 (Miss. 1997); Suggs & Sales, 56 IND. L.J. at 246 (copy attached as Exhibit 2) ("Since all of us like to think we can be fair, it is the rare juror indeed who will admit to being unable to set aside an already formed opinion.").

[6] *E.g.*, Richard Seltzer, Mark Venuti & Grace M. Lopes, *Juror Honesty During Voir Dire*, 19 J. CRIM. JUST. 451-462 (1992) (copy attached as Exhibit 4) (in comparison of individual interviews versus voir dire in open court, 25% of the jury panel disclosed in interviews that they or a family member had been a victim of crime, and 30% said they knew a law enforcement officer; but these same individuals did not disclose these facts during voir dire even when they had been asked to do so); *see also*, *e.g.*, Mize & Hannaford-Agor, 47 JUDGES' J. at 5 (copy attached as Exhibit 5); Linchiat Chang & Jon A. Krosnick, *Comparing Oral Interviewing With Self-Administered Computerized Questionnaires: An Experiment*, 74 PUB. OPINION Q. 154-167 (Spring 2010) (copy attached as Exhibit 6) (finding increased validity, less tendency to settle for a satisfactory (rather than a correct) solution as quickly as possible, and less tendency to answer questions out of a bias toward social desirability, when questions are asked in a self-administered computerized survey as opposed to verbally).

[7] Comment, *Voir Dire Examination of Jurors Concerning Insurance Company Interests*, 15 DEPAUL L. REV. 148 (1965) (recommending that questions about insurance be included on

**Conclusion**

The Court should (1) permit 3M to administer the attached jury questionnaire (Exhibit 1) to the venire before voir dire, and (2) permit counsel to conduct voir dire after the Court's initial examination of the venire. The questionnaire will increase juror candor without sacrificing judicial resources, prejudicing any party, or delaying the administration of justice. The questionnaire is brief, and venire members can complete it soon after they arrive at the courthouse, while the Court and parties address other preliminary issues. Counsel and the Court alone will review the completed questionnaires and can do so at a break. The questionnaire will accomplish only positive results. 3M requests that the Court permit its use. 3M also requests that the Court permit counsel to conduct additional voir dire after the Court has questioned the venire.

Respectfully Submitted,

*/s/ Michele E. Taylor*
William Book
Southern District Bar No. 1761
Michele E. Taylor
Southern District Bar No. 14240
Leah M. Homan
Southern District Bar No. 3438531
TAYLOR BOOK ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300

---

questionnaire, and answered by jurors prior to trial) (copy attached as Exhibit 7); Comment, *The Voir Dire Insurance Dilemma*, 28 MISS. LJ. 65 (1956) (advocating use of a detailed questionnaire for similar purposes) (copy attached as Exhibit 8).

[8] *See Report of the Committee on Juries of the Judicial Council of the Second Circuit*, at p. 91 (August 1984) (copy attached as Exhibit 9); Ballesteros, *Don't Mess with Texas Voir Dire*, 39 HOUS. L. REV. 201, 240 (2002) (noting that jury questionnaires alleviate many problems often raised on appeal involving voir dire, because many cases appealed on jury selection grounds deal with purported juror misconduct due to failure to disclose information; that information, if requested by questionnaire, can be elicited more effectively) (copy attached as Exhibit 10). With a jury questionnaire, the parties begin voir dire with more complete information about the venire members. District Judge David Hittner, *Federal Voir Dire & Jury Selection*, TRIAL Magazine (March 1989) at 85, 87 (endorsing use of such procedures and questionnaires) (copy attached as Exhibit 11).

LyondellBasell Tower
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727
E-mail: wbook@taylorbook.com
E-mail: mt@taylorbook.com
E-mail: lhoman@taylorbook.com

and

*/s/ Kevin B. Brown*
Kevin B. Brown
Southern District Bar No.: 732586
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: kbrown@thompsoncoe.com

and

*/s/ W. Curt Webb*
W. Curt Webb
State Bar No.: 21035900
BECK REDDEN, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com

and

*/s/ Zandra Foley*
Zandra Foley
Southern District Bar No.: 632778
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com

and

/s/ *L. Michael Brooks, Jr.*

5

WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 812-1256
Facsimile: (303) 830-0898
Email: mbrooks@warllc.com

**COUNSEL FOR DEFENDANT
3M COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Michele E. Taylor*
Michele E. Taylor