IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, KATHERINE PORTERFIELD, and WILLIAM LaFRENTZ, Individually and as Representative of the Estate of JAMES B. LaFRENTZ | § § § § § § | |
| vs. | § § § | CIVIL ACTION NO. 4:18-cv-04229 JURY DEMANDED |
| 3M COMPANY, ET AL | § | |

### DEFENDANT 3M COMPANY'S MOTION TO REQUIRE DISCLOSURE OF SETTLEMENT AGREEMENTS AND UNDERSTANDINGS AND TO REQUIRE FILING AND DISCLOSURE OF BANKRUPTCY TRUST CLAIMS

Defendant **3M COMPANY** moves the Court for an order requiring Plaintiffs (1) to disclose the existence and aggregate amount of settlement agreements or settlement-related understandings among parties and counsel, pursuant to Tex, Civ. Prac. & Rem. Code § 33.012 (2008); and (2) to file and disclose the filing of any claims against asbestos bankruptcy trusts, pursuant to Tex. Civ. Prac. & Rem. Code §§ 90.052 to 90.058.

In support, 3M shows the following:

### LR 7.1(D) Certificate of Conferral

Under LR 7.1(D) and this Court's Civil Procedures § 7.C, the undersigned counsel certifies that she conferred in good faith with Plaintiffs' counsel Bradley Peek regarding the relief sought in this motion, and is advised that the motion is opposed. Plaintiffs' counsel does not believe that settlement agreements and understandings are discoverable or that bankruptcy trust claims are required to be filed and disclosed, while 3M believes both are required by Texas law.

# I.
## **REQUEST FOR ORDER REQUIRING DISCLOSURE**

3M moves this Court for an order requiring Plaintiffs to disclose the existence and aggregate amount of any oral or written settlements, compromise agreements, or understandings between them and any other parties or their counsel, related to their claims arising from the alleged asbestos-related injuries or death of James B. LaFrentz. 3M requests that Plaintiffs' disclosure include, but not be limited to, the following:

1. The existence, date of, and parties to any settlement agreement, compromise agreement, hold harmless agreement, or similar understanding between Plaintiffs and any other party to this case;

2. The existence, date of, and parties to any settlement agreement, compromise agreement, hold harmless agreement, or similar understanding between Plaintiffs or their decedent James LaFrentz, and any other party to *James LaFrentz & Ila LaFrentz vs. 3M Company et al.* (Cause No. 18-L-1345, Circuit Court of Madison County, Illinois);

3. The aggregate amounts of any such settlements or understandings, whether paid or promised to be paid, in each of those cases;

4. The existence, date of, and parties to any agreements or understandings related to the election of remedies and election of credits for settlements (*e.g.*, whether any such election is a dollar-for-dollar credit, uses a sliding scale, etc.) in either of those cases;

5. The existence of, date of, and parties to any of guarantee or loan agreements or understandings related to either of those cases; and

6. The existence of, date of, and aggregate amounts paid or promised to be paid to Plaintiffs or their decedent from any bankruptcy trust filing.

Disclosure of this information will facilitate a fair trial for all parties, because it will demonstrate the alignment of parties, permit the Court to determine settlement credits and offsets, and allow 3M to determine whether any party or witness may be biased or prejudiced as a result of such an agreement.

3M also requests that the Court order Plaintiffs to file claims with any asbestos bankruptcy trusts that may provide them with compensation for their damages.

## II.
## DISCLOSURE OF SETTLEMENT INFORMATION
## WILL AID THE PROSECUTION OF THIS CASE

This case initially was brought against a large number of defendants. An identical case (filed in Madison County, Illinois by Mr. and Mrs. LaFrentz, before his death) likewise involved numerous defendants. In both actions, many Defendants have been dismissed, presumably pursuant to settlements with Plaintiffs and their counsel. Other Defendants may have made agreements to resolve Plaintiffs' claims, but may not yet have consummated the agreed settlement. All such agreements are discoverable under Federal Rule of Civil Procedure 26. And their disclosure is necessary to ensure that all parties to the suit receive a fair trial. *See Utts v. Short*, 987 S.W.2d 626 (Tex. App.-Austin 1999), *rev'd on other grounds*, 81 S.W.3d 822 (Tex. 2002). It will assist the Court in determining settlement credits or offsets, allow the parties to determine if a witness or party is biased or prejudiced by reason of a settlement or agreement to provide or not provide particular testimony, and, in appropriate circumstances, allow the jury to understand the true alignment of the parties. *See id.; see also City of Houston v. Sam P. Wallace & Co.*, 585 S.W.2d 669, 671 (Tex. 1979).

Under Tex. Civ. Prac. & Rem. Code §§ 33.001 to 33.017, a remaining defendant found liable to a plaintiff is entitled to settlement credits after other defendants have resolved the plaintiff's claims against them. For example, assuming that Plaintiffs are not barred from recovery by the comparative fault provision of § 33.01, the Court must reduce the amount of recovery they receive, both to account for their or their decedent's percentage of responsibility

*and*, "[i]f the claimant has settled with one or more persons," by subtracting the "sum of the dollar amounts of all settlements." Tex. C.P.R.C. § 33.012(b). Plaintiffs must disclose the existence and at least the aggregate amounts of whatever settlements they have made, because 3M has the burden to prove its right to such a credit; the Court record must show the amount of the settlements. *Utts v. Short*, 81 S.W.3d 822, 828 (Tex. 2002). Needless to say, the failure to disclose such agreements and understandings will prevent 3M from receiving a fair application of settlement credits. *See id.*

### III.
### SETTLEMENT AGREEMENTS WITH BANKRUPT DEFENDANTS ALSO ARE DISCOVERABLE AND REQUIRED TO BE DISCLOSED

Plaintiffs or their counsel also may have entered into settlement agreements with Defendants who are now bankrupt. These settlements, whether received, promised, or due to be paid under an assigned formula, also are discoverable, and should be disclosed for several reasons.

First, those settlements are required to be disclosed under Tex. Civ. Prac. & Rem. Code §§ 90.052 to 90.055. Second, like any other settlement, they may be available as credits to reduce the amount of damages owed by any remaining Defendants. Third, a bankrupt Defendant may have an indirect financial interest in the success of the Plaintiffs' lawsuit. Upon information and belief, some members of the plaintiffs' bar serve on the creditors' committees of some bankrupt asbestos Defendants, and thereby play a role in aspects of the bankrupt Defendants' financial future. In other instances, members of the plaintiffs' bar have entered into long-term settlement agreements with bankrupt Defendants. Those agreements may be jeopardized if a large verdict is taken against a bankrupt Defendant in this case. 3M should be permitted to

4

explore the relationships, if any, between Plaintiffs, their counsel, and any bankrupt Defendants.

In appropriate circumstances, such an unusual settlement agreement (one that indicates that a settling Defendant may have a financial interest in the outcome of a lawsuit), may be disclosed to the jury. *See General Motors Corp. v. Simmons*, 558 S.W.2d 855, 857 (Tex. 1977). One example is when the settlement raises issues of witness bias or prejudice. *Id.* The failure to disclose any such settlements, agreements and understandings will "skew the trial process, mislead the jury, promote unethical collusion among nominal adversaries, and create the likelihood that a less culpable party will be held liable with the full judgment." *See Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex. 1992).

## IV.
## PLAINTIFFS SHOULD BE REQUIRED NOT ONLY TO DISCLOSE SETTLEMENT AGREEMENTS WITH BANKRUPT DEFENDANTS BUT TO FILE SUCH CLAIMS IF THEY HAVE NOT ALREADY DONE SO.

Tex. Civ. Prac. & Rem. Code §§ 90.052 to 90.055 requires Plaintiffs not only to disclose but to file any claims they may have against asbestos bankruptcy trusts, if they believe those trusts may owe them compensation for their damages. This common-sense requirement prevents a plaintiff from delaying filing a bankruptcy trust claim until after he or she has recovered from other defendants; such a delay interferes with the settlement credit procedure, and creates the possibility that a plaintiff may recover twice for the same harm. The Court therefore should order that Plaintiffs file any such claims if they have not already done so.

## V.
## CONCLUSION

3M requests that the court grant its motion and enter an order that requires: the disclosure, prior to *voir dire*, of the existence and aggregate amounts of any settlements,

agreements, or understandings related to damages for the injuries claimed in this matter; and Plaintiffs to submit and to disclose any asbestos bankruptcy trust claims. 3M also requests any additional relief to which it may be entitled.

Respectfully Submitted,

*/s/ Michele E. Taylor*
William Book
Southern District Bar No. 1761
Michele E. Taylor
Southern District Bar No. 14240
Leah M. Homan
Southern District Bar No. 3438531
TAYLOR BOOK ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
LyondellBasell Tower
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727
E-mail: wbook@taylorbook.com
E-mail: mt@taylorbook.com
E-mail: lhoman@taylorbook.com

and

*/s/ Kevin B. Brown*
Kevin B. Brown
Southern District Bar No.: 732586
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail: kbrown@thompsoncoe.com

and

*/s/ W. Curt Webb*
W. Curt Webb
State Bar No.: 21035900
BECK REDDEN, LLP
1221 McKinney Street, Suite 4500

Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
E-mail: cwebb@beckredden.com

and

*/s/ Zandra Foley*
Zandra Foley
Southern District Bar No.: 632778
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8200
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com

and

/s/ *L. Michael Brooks, Jr.*
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone: (303) 812-1256
Facsimile: (303) 830-0898
Email: mbrooks@warllc.com

**COUNSEL FOR DEFENDANT
3M COMPANY**

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served this document upon all counsel of record who are registered with the Court's CM/ECF system.

*/s/ Michele E. Taylor*
Michele E. Taylor