UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ILA LaFRENTZ, JIM LaFRENTZ, KATHERINE PORTERFIELD, and WILLIAM LaFRENTZ, Individually and as Representatives of the Estate of JAMES B. LaFRENTZ, <br><br> Plaintiffs, <br><br> vs. <br><br> 3M COMPANY, ET AL., <br><br> Defendants. | Civil No..: 4:18-cv-4229 |

### PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALL ARGUMENT OF ALTNERATIVE EXPOSURES TO ASBESTOS

TO THE HONORABLE JUDGE OF SAID COURT:

**Plaintiffs move *in limine* to prohibit Defendant 3M Company ("3M") from arguing that Mr. James LaFrentz was exposed to asbestos outside of his work at General Dynamics until it can show a *prima facie* case of negligence (specifically substantive contributing cause) against any of these products or entities.**

### LR 7.1(D) Certificate of Conferral

Under LR 7.1(D) and this Court's Civil Procedures § 7.C., the undersigned counsel certifies that she conferred in good faith with Defendant's counsel, Michele Taylor, regarding the relief sought in this motion and is advised that this motion is opposed because Defense counsel believes argument that alternative or phantom exposures to asbestos caused or contributed to Mr. LaFrentz's mesothelioma is admissible, while Plaintiffs believe such argument is inadmissible because no such evidence exist.

**Statement of the Issues to be ruled upon by the Court**

This motion presents only one issue:

1.      There is no evidence that Mr. LaFrentz was exposed to asbestos in any capacity other than when working at General Dynamics. Due to this lack of evidence, should not 3M be prohibited from arguing to the jury that alternative exposures caused or contributed to Mr. LaFrentz's development of mesothelioma?

**Relevant Facts**

Mr. James LaFrentz died of malignant mesothelioma, a cancer caused only by asbestos exposure.[1] His only known exposure to asbestos occurred while working for Defendant General Dynamics from 1979 through 1981 as a drill press operator. [Ex. 1, Deposition of James LaFrentz, 58:8 – 60:19] In this position Mr. LaFrentz would drill metal panels containing asbestos. [*Id.* at 63:18 – 66:25] During this period Mr. LaFrentz drilled approximately 1000 coupons. [*Id.*] After drilling the holes, he would use a belt sander or hand sander to smooth the holes after drilling, creating dust. [*Id.* at 70:9 – 72:9] To protect his breathing, Mr. LaFrentz wore a 3M 8710 respirator but still had soot on his face under the mask after completing his work. [*Id.*] A sampling report commissioned by General Dynamics revealed that while doing this work, Mr. LaFrentz was exposed to 28.8 fibers/cc of asbestos in his general work area. [Ex. 2, General Dynamics air sampling report]

This is not a typical asbestos products liability case involving multiples of defendants and asbestos-containing materials or products. General Dynamics provided the asbestos-containing

---

[1] Roggli VL, Sharma A, Butnor KJ, Sporn T, Vollmer RT (2002). *Malignant mesothelioma and occupational exposure to asbestos: a clinicopathological correlation of 1445 cases.* Ultrastruct Pathol. 26 (2): 55–65.

panels/adhesives and 3M manufactured a defective respirator that did not adequately protect Mr. LaFrentz's breathing while working with asbestos.

The ambient airborne asbestos concentration or "background" in a typical indoor environment is 0.00001 f/cc. [Ex. 3, Deposition of Kenneth Garza, 29:11-18] When Mr. LaFrentz performed his work at General Dynamics while wearing a defective 3M 8170 respirator, his total cumulative exposure to asbestos was .960 fibers/cc. [*Id*. at 44:8-11] <u>This level is 96,000 times greater than ordinary ambient concentration.</u> A two-fold risk for mesothelioma occurs at a mere 0.1 fiber cc/years.[2]

Defendant 3M does not have any causation evidence as to any "other exposures to asbestos." To the extent 3M wishes to establish exposure to an asbestos-containing product, it is required to first introduce actual evidence that Mr. LaFrentz was exposed – of which there is none. Allegations and hypothetical phantom exposures are mere speculations and do not rise to competent evidence of exposure. As such, any such argument should be excluded.

### Argument & Authorities

Plaintiffs anticipates that Defendant 3M and its experts may attempt to introduce evidence of alternative exposures despite the fact that no such evidence exists. These "hypothetical" exposures should be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence. Any such hypothetical evidence is not relevant to the issues to be litigated at the trial of this matter. Moreover, introduction of such evidence will result in confusion of the issues and will mislead the jury.

---

[2] Markowitz et al., *Asbestos-Related Lung Cancer and Malignant Mesothelioma of the Pleura: Selected Current Issues*, Semin. Respir. Care Med. 36:334-346 (2015).

By way of example, 3M'S industrial hygienist, Jennifer Sahmel, speculates as to the "other asbestos exposures" suffered by Mr. LaFrentz in her expert report:

> Mr. LaFrentz described work with and around insulation during his work as a steamfitter apprentice and potentially at other work locations during his career. Based on the published literature, full-shift airborne fiber concentrations during work with asbestos-containing insulation were likely to have been above or well above the current OSHA full-shift exposure limit for asbestos. Depending on the fiber type, the nature and duration of activities, and potentially other factors, Mr. LaFrentz may have experienced additional exposures during his working lifetime.

[Ex. 4, Sahmel Expert Report, p. 8]

There is no evidence that Mr. LaFrentz was exposed to asbestos while doing this work. None. In Texas, to prove substantial factor causation, a plaintiff in asbestos litigation must not only show frequent, regular and proximate exposure but also present some evidence that the dose to which the plaintiff was exposed exceeds a minimum dose at which an increased risk of disease has been shown. *Smith v. Kelly-Moore Paint Co., Inc.*, 307 S.W.3d 829, 832 (Tex. App.—Fort Worth 2010, no pet.). The Texas Supreme Court took this step a bit further, requiring that the plaintiff establish "more than a doubling of the risk" of disease from exposure to the toxin at issue. *Bostic v. Georgia-Pac. Corp.,* 439 S.W.3d 332, 347 (Tex. 2014). Therefore, a defendant in an asbestos case must establish through reliable expert testimony that the source of the asbestos is attributable to a particular product or entity and that such exposure meets the required threshold dose to cause disease.

Defendant 3M does not have any causation evidence as to any "other exposures to asbestos." To the extent 3M wishes to establish exposure to an asbestos-containing product, it is required to first introduce actual evidence that Mr. LaFrentz was exposed – of which there is none.

## Conclusion

There is no evidence that Mr. LaFrentz was exposed to asbestos outside of his work at General Dynamics while wearing a 3M 8710 respirator. Allegations and hypothetical exposures are mere speculations and do not rise to competent evidence of exposure. As such, 3M should be excluded from arguing that such exposures exist, caused, or contributed to Mr. LaFrentz's development of mesothelioma.

## Prayer

For these reasons, Plaintiffs pray that the Court grant their Motion to Exclude all Argument of Alternative Exposures to Asbestos.

Dated: Houston, Texas
       July 2, 2021

Respectfully submitted:

Robert E. Shuttlesworth, Esq.
Texas Bar No. 24033184
Southern District of Texas Bar No. 29957
**Shrader & Associates, L.L.P.**
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
Telephone: (713) 782-0000
Facsimile: (713) 571-9605
Email: robert@shraderlaw.com

Attorney for the Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed this document with the United States District Court for the Southern District of Texas and that through the electronic filing system, a copy of the foregoing document was served on all counsel of record on this the 2nd day of July, 2021.

Robert E. Shuttlesworth, Esq.